[No. E007311. Fourth Dist., Div. Two. Apr. 24, 1991.]

ROYAL BANK EXPORT FINANCE COMPANY, LTD., Plaintiff and Appellant, v.
BESTWAYS DISTRIBUTING CO., Defendant and Respondent.

## COUNSEL

Charles H. Carter for Plaintiff and Appellant.

Joseph D. Schloss, Sr., for Defendant and Respondent.

## OPINION

**HOLLENHORST, J.**—Plaintiff, Royal Bank Export Finance Company, Ltd. (Bank) appeals from a judgment entered in favor of defendant, Bestways Distributing Co. (hereinafter referred to as Bestways). Bank contends that as a bona fide purchaser of Bestways's purchase orders from a company known as E.R.S. Technologies, Inc. (E.R.S.), its claim against Bestways for the money due under the purchase orders could not be defeated by claims Bestways may have against E.R.S. We disagree and uphold the court's finding that as an assignee, Bank acquired no greater rights than its

assignor, E.R.S., and took subject to any defenses Bestways had against the assignor.

## FACTS

It was stipulated at trial that E.R.S. delivered to Bestways 10 units known as "Night Clerks."[1] According to the invoices, these products had a unit price of $4,997. Also according to the invoices the "Night Clerks" were delivered in late July and early August 1986.

In June of 1986, E.R.S. and Bank entered into an agreement wherein Bank agreed to purchase Bestways's purchase orders and invoices as a means of providing financing to E.R.S. Pursuant to that agreement, Bank filed the present action to recover for the 10 units delivered to Bestways. Bestways claimed, among other things, that the products were not merchantable and therefore it was not obligated to pay for the products.

In its statement of decision, the court found that the purchase orders and invoices were not negotiable instruments within the meaning of the California Uniform Commercial Code. It also determined that Bank was the assignee of E.R.S. and, as such, took the nonnegotiable instruments subject to any defenses Bestways had against E.R.S. Finally, it determined that because of the failure of consideration by E.R.S., Bestways was not obligated to pay for the products. Accordingly, judgment was entered in favor of Bestways.

## DISCUSSION

▪ Bank contends that pursuant to Civil Code sections 955 and 955.1, Bank purchased the accounts due E.R.S by Bestways free and clear of any defenses Bestways may have against E.R.S. The sections do not support plaintiff's position.

Civil Code section 955 states that "[a] transfer . . .[2]of a nonnegotiable instrument which is otherwise negotiable within Division 3 of the Commercial Code but which is not payable to order or to bearer . . .[3] shall be

---

[1]The product was intended to be used in hotels and motels to register guests without the need for a clerk in attendance.

[2]The deleted portion here excepts a transfer which is intended to create a security interest under California Uniform Commercial Code section 9102, subdivision (1)(a). Bank admits that the transfer was not intended to create a security interest.

[3]This deleted portion refers to a sale of accounts as part of a sale of business. Bank admits that this transaction was not such a sale.

deemed perfected against third persons when such property rights have been endorsed or assigned in writing and in the case of such instruments or chattel paper delivered to the transferee, whether or not notice of such transfer or sale has been given to the obligor; but such endorsement, assignment, or delivery is not, of itself, notice to the obligor so as to invalidate any payments made by the obligor to the transferor."

Civil Code section 955.1 states in pertinent part that "(a) . . . a transfer . . . of any general intangible (Section 9106 of the Commercial Code) consisting of any right to payment and any transfer of accounts or chattel paper excluded from the coverage of Division 9 of the Commercial Code by Section 9104(f) thereof shall be deemed perfected as against third persons upon there being executed and delivered to the transferee an assignment thereof in writing."[4]

Quite unbelievably and without a single citation of authority, Bank argues that the word "perfected" as used in Civil Code sections 955 and 955.1 means that the "purchases of accounts in the nature of the debt of Bestways to E.R.S. was not subject to any defenses existing between E.R.S. and Bestways." To the contrary, perfected merely means completed or finished. (Black's Law Dict. (5th ed. 1979) p. 1023, col. 2; see also, U. Com. Code Com., § 9303 of the Cal. U. Com. Code: " 'Perfected' means that the secured party has taken all the steps required by this Article . . . .")

"Perfected as against third persons" as used in these sections means that once the transferee has completed the steps set forth in these sections, his or her title to the instrument is valid and has priority over other persons who claim title or ownership of the instruments.[5] In other words once the transferee receives possession of the instruments, duly endorsed or assigned in writing by the transferor, the transfer of title is complete.

The question in this case is not whether there has been an effective transfer or assignment of the debt instruments from E.R.S. to Bank or whether Bank's title to the papers has priority over other claims of title. Rather, the issue in this case is whether the title transferred to Bank is subject to defenses Bestways has against the transferor. This latter question

---

[4]Subdivisions (b) and (c) of section 955.1 of the Civil Code state in essence that the assignment by itself is not notice to the obligor so as to invalidate any payments made by the obligor to the transferor and that as between bona fide assignees of the same right for value without notice, the assignee who gives notice first to the obligor has priority.

[5]Civil Code section 955.1, subdivision (b) confirms this interpretation with respect to a transfer of general intangibles by stating that "[a]s between bona fide assignees of the same right for value without notice, the assignee first giving notice thereof to the obligor in writing has *priority*." (Italics added.)

is answered by Civil Code section 1459 which states that "[a] non-negotiable written contract for the payment of money or personal property may be transferred by indorsement, in like manner with negotiable instruments. Such indorsement shall transfer all the rights of the assignor under the instrument to the assignee, *subject to all equities and defenses existing in favor of the maker at the time of the indorsement.*" (Italics added.) "The assignment merely transfers the interest of the assignor. The assignee 'stands in the shoes' of the assignor, taking his rights and remedies, subject to *any defenses* which the *obligor* has against the assignor prior to notice of the assignment." (1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 948, p. 844.) Accordingly, Bank acquired the right to payment from Bestways subject to any defenses Bestways had against E.R.S. As Bank does not contest the court's findings on the defense of failure of consideration or otherwise raise any other basis for reversal on appeal, the judgment is affirmed.

## DISPOSITION

Judgment affirmed.

Dabney, Acting P. J., and McKinster, J., concurred.